# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### November 2, 2011 Session

## STATE OF TENNESSEE v. HEATHER RICHARDSON

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Rutherford County**
**No. F-63788      David Bragg, Judge**

---

**No. M2010-01360-SC-R11-CD - Filed January 20, 2012**

---

AND

## STATE OF TENNESSEE v. BRIAN DAVID THOMASON

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Gibson County**
**No. 17750      Clayburn Peeples, Judge**

---

**No. W2007-02910-SC-R11-CD - Filed January 20, 2012**

---

We granted the State's applications for permission to appeal in these two cases to clarify the remedy that should be applied when there is an abuse of prosecutorial discretion in the denial of an application for pretrial diversion. In each case, the prosecutor denied the defendant's petition for pretrial diversion and the trial court ruled there was no abuse of discretion. The Court of Criminal Appeals decided in each case that there was an abuse of discretion because the prosecutor failed to weigh all the relevant factors in reaching his decision to deny pretrial diversion to the defendant and remanded the case to the trial court to order the prosecutor to approve the defendant's pretrial diversion application. We hold that when a prosecutor has abused his or her discretion by failing to consider and weigh all the relevant pretrial diversion factors or by considering and relying upon an irrelevant factor, the appropriate remedy is to vacate the prosecutor's ruling and remand to the prosecutor to consider and weigh all of the relevant factors. Accordingly, the judgments of the Court of Criminal Appeals are reversed, and the cases are remanded to the trial courts with directions to remand the case to the district attorney general to consider and weigh all of the relevant pretrial diversion factors.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Reversed; Case Remanded**

SHARON G. LEE, J., delivered the opinion of the Court, in which CORNELIA A. CLARK, C.J., JANICE M. HOLDER, GARY R. WADE, and WILLIAM C. KOCH, JR., JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Lacy Wilber, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General, 16th District; Garry G. Brown, District Attorney General, 28th District; Harold E. Dorsey, Assistant District Attorney General, 28th District; and Jennings Jones, Assistant District Attorney General, 16th District, for the appellant, State of Tennessee.

John G. Mitchell, III, Murfreesboro, Tennessee, for the appellee, Heather Richardson.

Gregory W. Minton, Jackson, Tennessee (on appeal); Mark L. Agee, Trenton, Tennessee (at trial), for the appellee, Brian David Thomason.

**OPINION**

**I.**

**Facts and Procedural History (Richardson)**

A Smyrna Police Department detective saw the defendant, Heather Richardson, make a drug sale in a grocery store parking lot on February 17, 2009. After police arrested and searched her, they found an ounce of marijuana, a set of drug scales, and eighty-seven pills. In a statement given to the police, the defendant admitted to selling a small amount of marijuana for thirty dollars and selling five prescription pills for thirty-five dollars. She said she sold the drugs "to get ahead" on her bills because she was a waitress, business was slow, and her rent was $1000 a month. The Rutherford County Grand Jury indicted the defendant for possession of .5 ounces or more of a Schedule VI controlled substance with the intent to deliver or sell; possession of a Schedule III controlled substance with the intent to deliver or sell; and possession of drug paraphernalia.

According to the defendant's application for pretrial diversion, she was a twenty-five-year-old, unmarried mother of two young children. She had no prior criminal record, had completed three years of high school and obtained a general equivalency diploma (GED), and had been steadily employed since 2001. As to the offense, the defendant stated that she had a prescription for Lortab, was desperate for some cash, and sold five Lortabs to a friend. She said that she had a small amount of marijuana with her and a set of scales, but that they were

for her personal use only. She admitted that her conduct was "very wrong and it was out of my character. I was only trying to make ends meet. I have definitely learned my lesson, and feel very stupid. I will never do this again in my life." She also provided favorable letters from eight people. The Tennessee Bureau of Investigation certified that the defendant was eligible for pretrial diversion.

The Rutherford County District Attorney General denied the defendant's application. The prosecutor listed several factors that were potentially favorable to the granting of pretrial diversion, including the defendant's lack of previous criminal convictions, her completion of three years of high school and GED, her "good physical and mental health," her lack of history of illegal drug use, and her nine-year history of steady employment. The prosecutor further noted that favorable letters were submitted indicating that the defendant was "a loving mother, dependable, hard-working and sorry for her actions." The prosecutor observed that she was responsible for taking care of her two young children and stated that she "may be amenable to correction."

In enumerating several negative factors, the prosecutor stated that "trafficking in narcotics has long been a problem in this jurisdiction" and that "[i]n order to deter others from participating in this offense, it is necessary that a punishment harsher than diversion be imposed." The prosecutor further said that "the Defendant has engaged in a continuing course of conduct involving the sale of drugs. This series of sales and possessions of marijuana extended over the course of almost two months." The State later admitted that these assertions by the prosecutor were erroneous and that both drug sales occurred on the same day. The prosecutor also noted that the defendant had declined to assist law enforcement in prosecuting other drug dealers in the area, had failed to mention in her application that she had sold some marijuana before she sold the Lortabs, was refusing to accept responsibility for her actions, and had brought her two young children with her to the drug transaction. Based on these considerations, the prosecutor denied the application for pretrial diversion.

The defendant filed a petition for writ of certiorari to the Rutherford County Circuit Court. Following a hearing, the trial court ruled that the prosecutor did not abuse his discretion in denying diversion. On appeal to the Court of Criminal Appeals, the State conceded that the prosecutor had abused his discretion by failing to weigh the applicable pretrial diversion factors and argued that the proper remedy was a remand for the prosecutor to reconsider the diversion application. The Court of Criminal Appeals held that there had been an abuse of discretion and reversed the trial court, but remanded the case to the trial court "with instructions to order the prosecutor to approve the [defendant's] pretrial diversion application by entering into a memorandum of understanding pursuant to Tennessee Code Annotated section 40-15-105." State v. Richardson, No. M2010-01360-CCA-R3-CD, 2011 WL 303270, at *6 (Tenn. Crim. App. Jan. 25, 2011).

-3-

**Facts and Procedural History (Thomason)**

The defendant, Brian David Thomason, was the foreman of the Gibson County garage, where he supervised inmate trusties[1] who assisted in the maintenance of county vehicles. During a reverse sting operation conducted at the garage on December 19, 2006, an undercover agent of the West Tennessee Drug Task Force sold a quantity of hydrocodone pills to one of the trusties and within five minutes, officers found eight of the pills in the defendant's pocket. The defendant was indicted for conspiracy to introduce contraband into a penal institution and possession of a controlled substance. The defendant, in his application for pretrial diversion, stated that at the time of his arrest he was fifty-five years old, married with two daughters and a stepson, had completed high school through the eleventh grade and later obtained a GED, had operated his own auto repair service between 1978 and 1998, and had no prior arrests or court appearances. The defendant also submitted a number of favorable letters from acquaintances.

The Gibson County District Attorney General denied the defendant's application for pretrial diversion. The prosecutor's denial letter acknowledged that the defendant had no criminal history, an average social and family history with no dependents, no professional license that would be in jeopardy if he were incarcerated, and no mental or physical problems other than chronic back pain. The denial letter also noted that there was nothing to indicate that he did not appreciate the wrongfulness of his act or was incapable of standing trial. The letter further stated that the defendant "simply violated public trust to satisfy his need or addiction" and that placing him on pretrial diversion "would erode public confidence in the judicial system."

The defendant filed a petition for a writ of certiorari with the trial court. After an evidentiary hearing, the court determined that the district attorney general had not abused his discretion in denying the defendant's application for pretrial diversion. The Court of Criminal Appeals found that the district attorney general had failed to consider all requisite factors in denying pretrial diversion and had not discussed the weight that was assigned to those factors that were considered. State v. Thomason, No. W2007-02910-CCA-R9-CD,

---

[1] A "trusty" is "[a] convict or prisoner who is considered trustworthy by prison authorities and therefore given special privileges." Black's Law Dictionary 1520 (7th ed. 2004). Tennessee Code Annotated section 40-35-302(d) requires that a court imposing a misdemeanor sentence fix a percentage of the sentence that the defendant shall serve and that once the defendant has served such percentage, he or she shall be eligible for trusty status and other rehabilitative programs. Tennessee Code Annotated section 40-35-211(3) further provides that if a defendant is convicted of a felony and the court imposes a sentence of less than one year in the local jail or workhouse, "the defendant shall be considered a felon but shall be sentenced as in the case of a misdemeanor . . . . Upon the defendant becoming eligible for . . . trusty status or related programs as specified in § 40-35-302(d), the defendant may be placed in the programs by the sheriff or administrative authority having jurisdiction over the local jail or workhouse."

2009 WL 3015100, at *3-4 (Tenn. Crim. App. Sept. 22, 2009). Based on these findings, the Court of Criminal Appeals vacated the judgment of the trial court and remanded the matter "to the trial court to grant pretrial diversion under such terms and conditions as are deemed appropriate." Id. at *4.

## II.

In each case, we granted the State's application for permission to appeal, and we consolidated the cases for oral argument to clarify the remedy that should be applied when there is an abuse of prosecutorial discretion in the denial of an application for pretrial diversion. Significantly, in each case the State has conceded on appeal that the prosecutor abused his discretion in failing to consider and weigh all of the appropriate pretrial diversion factors. The sole issue before us is the appropriate remedy for such an abuse of prosecutorial discretion.

The pretrial diversion statute permits a district attorney general to suspend prosecution of a qualified defendant for a period of up to two years. See Tenn. Code Ann. § 40-15-105(a)(1)(A) (2006). Before July 1, 2011, a defendant could seek pretrial diversion for an offense that was not a Class A or Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault. See id. at 40-15-105(a)(1)(B)(iii) (2006 & Supp. 2011).[2] To qualify for pretrial diversion, the defendant must not have a disqualifying conviction or have previously been granted pretrial diversion for another offense. See id. at 40-15-105(a)(1)(B)(i); see also State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002).

A defendant who is eligible for diversion is not presumed to be entitled to diversion. State v. McKim, 215 S.W.3d 781, 786 (Tenn. 2007) (citing State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999)). Instead, only the district attorney general has the discretion to determine whether to grant pretrial diversion to a defendant who meets the statutory requirements. Bell, 69 S.W.3d at 176 (citing Curry, 988 S.W.2d at 157, and State v. Pinkham, 955 S.W.2d 956, 959 (Tenn. 1997)). In deciding whether to grant pretrial diversion, "the district attorney general has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant." Bell, 69 S.W.3d at 178. To guide the district attorney general's exercise of discretion, this Court has set forth several objective factors that include the defendant's amenability to correction, any factors that tend to accurately reflect whether a particular defendant will become a repeat offender, the

---

[2] Effective July 1, 2011, subsection (a)(1)(B) of Tennessee Code Annotated section 40-15-105 was amended to limit the availability of pretrial diversion to those in which "the charged offense for which the prosecution is being suspended is not a felony" or one of several other offenses specified therein.

circumstances of the offense, the defendant's criminal record, social history, physical and mental condition, the need for general deterrence, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. State v. Hammersley, 650 S.W.2d 352, 354-55 (Tenn. 1983); see also McKim, 215 S.W.3d at 786-87; Bell, 69 S.W.3d at 176; State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993). The circumstances of the offense and the need for deterrence "cannot be given *controlling* weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" McKim, 215 S.W.3d at 787 (alterations in original) (quoting Washington, 866 S.W.2d at 951).

When a district attorney general denies an application for pretrial diversion, the denial must be in writing and enumerate all of the relevant factors considered and the weight accorded to each. See Curry, 988 S.W.2d at 157; Bell, 69 S.W.3d at 177. Additionally, if there are any factual disputes between the evidence relied upon by the district attorney general and the application filed by the defendant, the denial statement must identify these issues. Curry, 988 S.W.2d at 157.

If the prosecutor denies the defendant's application, the defendant may appeal to the trial court by filing a petition for a writ of certiorari upon the ground of abuse of prosecutorial discretion. Tenn. Code Ann. § 40-15-105(b)(3). The trial court reviews the prosecutor's decision under an abuse of prosecutorial discretion standard. Id. On review, the district attorney general's decision is "presumptively correct," Curry, 988 S.W.2d at 157-58, and the trial court is limited to examining the evidence considered by the district attorney general. Bell, 69 S.W.3d at 177. The trial court may conduct a hearing only to resolve factual disputes raised by the district attorney general or the defendant; otherwise it is limited solely to the evidence expressly considered by the district attorney general in the statement of denial. Curry, 988 S.W.2d at 158. In addition, the proper focus of the trial court is not on the intrinsic correctness of the district attorney general's decision, but instead on the methodology employed. McKim, 215 S.W.3d at 788. Accordingly, the trial court cannot re-weigh the evidence or substitute its view for that of the district attorney general. Id.; Bell, 69 S.W.3d at 179; State v. Yancey, 69 S.W.3d 553, 558-59 (Tenn. 2002). Appellate review is confined to a determination of whether the trial court's decision is supported by a preponderance of the evidence. Curry, 988 S.W.2d at 158; Pinkham, 955 S.W.2d at 960.

A reviewing court may find that the district attorney general abused his or her discretion in one of two ways: either (1) by failing to consider and articulate all the relevant factors or considering and relying upon an irrelevant factor, or (2) by making a decision that is not supported by substantial evidence. McKim, 215 S.W.3d at 788-89; Bell, 69 S.W.3d at 179; Curry, 988 S.W.2d at 158.

The proper remedy for an abuse of prosecutorial discretion in denying a petition for pretrial diversion depends on the manner in which the prosecutor erred. If the district attorney general failed to consider all the relevant factors or gave undue consideration to an irrelevant factor, the reviewing court does not have appropriate findings upon which to review the district attorney general's decision. Bell, 69 S.W.3d at 179. In such a case, the record is deficient and must be remedied by a remand to the prosecutor. To permit the reviewing court to "fill in the gaps" when it does not have appropriate findings by the district attorney general would extend *de novo* review over the district attorney general's decision and allow the reviewing court to substitute its view for that of the prosecutor. Id. Accordingly, when a district attorney general has failed to consider all relevant factors or has considered an irrelevant factor, the reviewing court must vacate the district attorney general's decision and remand the case to the district attorney general to further consider and weigh all the relevant factors. McKim, 215 S.W.3d at 788; Bell, 69 S.W.3d at 180.

If, however, the reviewing court determines that the district attorney general considered and weighed the appropriate factors and did not give undue consideration to an irrelevant factor, but that the denial is not supported by substantial evidence, the reviewing court may order the defendant to be placed on pretrial diversion rather than remanding the case to the district attorney general. McKim, 215 S.W.3d at 788 n.3; see also Tenn. Code Ann. § 40-15-105(b)(3). Since there is a complete record before the court for review in such a case, the reviewing court is not "filling in the gaps" for the district attorney general.

**III.**

In the two cases before us, the State concedes that the prosecutor abused his discretion by failing to weigh all of the relevant pretrial diversion factors. The appropriate remedy is for the reviewing court to vacate the prosecutor's ruling and remand the case to the prosecutor for consideration and weighing of all relevant factors. Accordingly, in State v. Richardson, the judgments of the trial court and the Court of Criminal Appeals are reversed, and the case is remanded to the Rutherford County Circuit Court with directions to remand the case to the Rutherford County District Attorney General for reconsideration in accordance with this opinion. Likewise, in State v. Thomason, the judgments of the trial court and the Court of Criminal Appeals are reversed, and the case is remanded to the Gibson County Circuit Court with directions to remand the case to the Gibson County District Attorney General for reconsideration in accordance with this opinion. Costs on appeal are assessed equally between the Appellees, Heather Richardson and Brian David Thomason, and their respective sureties for which execution may issue if necessary.

_____
SHARON G. LEE, JUSTICE