# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### February 8, 2011 Session

## STATE OF TENNESSEE v. SUSAN GAIL STEPHENS

**Direct Appeal from the Circuit Court for Coffee County**
**No. 35064      Vanessa Jackson, Judge**

**No. M2010-01373-CCA-R9-CD - Filed January 31, 2012**

The Defendant, Susan Gail Stephens, was charged with two counts of statutory rape and two counts of contributing to the delinquency of a minor. The Defendant applied for pretrial diversion and has twice been denied. In the instant appeal, the Defendant challenges the prosecutor's second denial of her application for pretrial diversion. Specifically, she claims that the prosecutor erred on remand by: (1) declining to consider any new information submitted by the Defendant since the date of the original application—information allegedly relevant to her amenability to correction; and (2) failing to properly consider and weigh her amenability to correction as instructed by this court in its previous decision. Following a careful review of the record and the applicable authorities, we agree with the Defendant that the prosecutor should have considered any evidence on remand, whether favorable or unfavorable, that was relevant to the Defendant's current status for amenability to correction. Accordingly, we hold that an abuse of prosecutorial discretion occurred and once again remand the case to the prosecutor for consideration of all relevant factors. The judgment of the trial court upholding the prosecutor's denial of diversion is vacated, and the case is remanded to the trial court with instructions to remand to the prosecutor for further proceedings consistent with this opinion.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Vacated; Case Remanded**.

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, J., joined. JOHN EVERETT WILLIAMS, J., concurring in result only.

Russ Heldman and Erin M. Walker, Franklin, Tennessee, and Edward M. Yarbrough, Nashville, Tennessee, for the appellant, Susan Gail Stephens.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney

General; Charles Michael Layne, District Attorney General; and Jason M. Ponder, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On June 15, 2006, a Coffee County grand jury returned an indictment against the Defendant, charging her with two counts of statutory rape and two counts of contributing to the delinquency of a minor. See Tenn. Code Ann. §§ 37-1-156, -13-506. The charges resulted from allegations that the Defendant had sex with an underage boy on two occasions. The Defendant applied for pretrial diversion on October 18, 2006. The prosecutor denied her application, and the Coffee County Circuit Court upheld the denial. The Defendant appealed to this court, arguing that the prosecutor, in its memorandum explaining the reasons for its denial, considered some irrelevant factors and failed to consider all of the relevant factors. See State v. Susan Gail Stephens, No. M2008-00998-CCA-R9-CO, 2009 WL 1765774, at *3 (Tenn. Crim. App. June 23, 2009).

This court noted that the precise circumstances surrounding the Defendant's crimes were a matter of some dispute. The Defendant generally characterized the incidents as isolated and impulsive drunken mistakes, whereas the prosecutor alleged that the incidents were the culmination of an extended predatory course of conduct on the Defendant's part, which involved stalking minors in her vehicle, habitually inviting them to parties, inciting them to drink to excess, and then making sexual advances toward them or attempting to molest them while they were intoxicated. See Stephens, 2009 WL 1765774, at *1-2.

The panel disagreed with the Defendant's argument that the prosecution had relied on irrelevant factors, holding that the prosecutor's emphasis on the need to treat female sex offenders as seriously as male sexual offenders was a legitimate part of the prosecutor's "duty to consider the ends of justice and the best interests of the public," and that the prosecutor's expressions of concern about unplanned pregnancies, jealous vigilante husbands, and sexually transmitted diseases in the teenage community were a legitimate deterrence consideration. See id. at *4. The panel determined that the prosecutor had given some consideration to the legally required factors, but agreed with the Defendant that the prosecutor had failed to give legally sufficient consideration to the Defendant's amenability to correction. See id. at *5. The panel reasoned as follows:

> [The State] did not devote a section of its memorandum to the issue and offered no information as to the weight that factor may have been given. The State did, in its conclusion, express concern with the "memory loss" inherent in the Defendant's version of the events as well as its belief that the Defendant

had sought therapy only after learning of a police investigation of her actions. While these facts may tend to support a conclusion that the Defendant is not amenable to correction, the State did not offer any discussion directly on this issue and certainly did not "focus" on it as required by [State v. ]Hammersley, [650 S.W.2d 352, 355 (Tenn. 1983) ("When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction.")].

Id. at *5. Consequently, the judgment of the trial court was vacated with directions that the case be remanded to the prosecutor for further consideration, with focus to be placed on the Defendant's amenability to correction.

Following remand, the Defendant attempted to update her application by requesting that the prosecutor consider a "renewed application" for pretrial diversion that included "a history of events since the original charges," some "amended and revised statistical information," and an explanation of "what has happened to her since February 2006." She submitted that the following information was relevant to her amenability to correction: (1) her recent criminal history, including the fact that she had not been arrested or issued a citation during the intervening years; (2) her recent employment history, including several jobs as a sales representative that the Defendant claimed abruptly ended due to her pending criminal charges; (3) her ongoing parenting efforts and family situation, including the fact that her children had been placed on their school's honor roll; and (4) the continuing social consequences she had experienced as a result her arrest, including various instances in which she was either ostracized by members of the community or had voluntarily removed herself from scholastic or community activities. The prosecutor, however, refused to consider this information, explaining in an amended memorandum filed on October 28, 2009, that "the State is under no obligation to permit the [D]efendant to file a new application or consider any other factors than those originally filed and considered by the Circuit Court and Court of Criminal Appeals."

In the 18-page amended memorandum, the prosecutor painstakingly described and assessed the circumstances of the offenses, the Defendant's criminal record, her social history, her physical and mental condition, the need for specific and general deterrence, and the ends of justice and the best interests of the Defendant and the community. Considering all of these factors together, the prosecutor ultimately concluded that the Defendant was "moderately amenable to correction." The prosecutor also added a section specifically focusing on the Defendant's amenability to correction that discussed: (1) the Defendant's failure to pursue any meaningful psychiatric treatment (beyond attending a few counseling sessions) or develop a forward-looking treatment plan to prevent any recurrence of her predatory behavior; (2) her refusal to accept any responsibility for her extended predatory

course of conduct, as well as her refusal to accept full responsibility for the specific offenses at issue; and (3) her failure to express any meaningful remorse toward her victims or the community in her application or elsewhere. After considering and weighing all the various factors listed above, the prosecutor determined that the need for specific and general deterrence; the ends of justice and the best interests of the Defendant and the community; and the circumstances of the offense; outweighed the fact that the Defendant had shown herself to be moderately amenable to correction, and he again denied the Defendant's application.

The Defendant appealed, filing a petition for writ of certiorari in the trial court, which was denied. The trial court then granted the Defendant's motion for permission to seek an appeal pursuant to Tennessee Rule of Appellate Procedure 9(b), and this appeal followed.

## Analysis

The Defendant submits that the trial court erred by holding that the prosecutor did not abuse his discretion (1) by refusing to accept the Defendant's proffered "renewed" application containing updated information, allegedly relevant to her amenability to correction, and (2) by failing to conduct the proper analysis and reach the proper conclusion concerning the Defendant's amenability to correction. The State responds that the record supports the trial court's decision by a preponderance of the evidence that the prosecutor did not abuse his discretion when he did not consider the Defendant's updated information. In addition, the State asserts that the record shows that the prosecutor considered all relevant factors, including the Defendant's amenability to correction, and properly determined that the factors against granting pretrial diversion outweighed the factors of granting pretrial diversion.

Tennessee Code Annotated section 40-15-105(a)(1)(A) provides that a qualified defendant may enter into a memorandum of understanding with the State to divert prosecution of a case for a period of time not to exceed two years. A qualified defendant is one who has not been previously granted pretrial diversion and who has no prior misdemeanor convictions requiring the service of a sentence in confinement or no prior felony convictions. Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(*a*)-(*b*). Furthermore, the offense for which pretrial diversion is sought cannot be a Class A felony, a Class B felony, an enumerated Class C felony, an enumerated sexual offense,[1] driving under the influence, or vehicular assault. Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(*c*). During the diversion period, the defendant is required to follow certain conditions in order to successfully complete the diversion period. Tenn. Code Ann. § 40-15-105(a)(2). Upon successful

---

[1] Statutory rape is not an enumerated sexual offense under section 40-15-105(a)(1)(B)(ii); thus, the Defendant was not disqualified from seeking pretrial diversion.

completion of the diversion period, the charge against the defendant is dismissed with prejudice. Tenn. Code Ann. § 40-15-105(e).

A qualified defendant, although statutorily eligible, is not presumed to be entitled to pretrial diversion. State v. McKim, 215 S.W.3d 781, 786 (Tenn. 2007). The district attorney general has the sole discretion to determine whether to grant pretrial diversion to one who meets the strict statutory requirements. Id. (citing State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002)); see also Tenn. Code Ann. § 40-15-105(a)(1)(A). The defendant bears the burden of establishing suitability for pretrial diversion. State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999).

First and foremost, the law requires the prosecutor to focus his or her decision primarily on an honest assessment of the defendant's amenability to correction through participation in the diversion program. See McKim, 215 S.W.3d at 786. The district attorney general "has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant." Bell, 69 S.W.3d at 178; see also Hammersley, 650 S.W.2d at 355. Any factors tending to reflect accurately upon the likelihood that the defendant may re-offend should be considered. Hammersley, 650 S.W.2d at 355. Other relevant factors in making this assessment include the circumstances of the offense, the defendant's criminal record, the defendant's social history, the defendant's physical and mental condition, and "the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant." Id. While a prosecutor may also consider the circumstances of the offense and the need for deterrence, these and other factors "cannot be given controlling weight unless they are of such overwhelming significance that they necessarily outweigh all other factors" and only after all of the legally relevant factors have been explicitly discussed and considered. McKim, 215 S.W.3d at 787 (quotation omitted). Our supreme court has recognized that "the responsibility placed upon prosecutors to pick and choose among the lot [of applicants for pretrial diversion] based upon a particular candidate's amenability to rehabilitation or recidivism requires the exercise of unusual powers of discrimination." Id. (quoting Hammersley, 650 S.W.2d at 353).

The State's response to an application for pretrial diversion must be in writing and "must include both an enumeration of the evidence that was considered and a discussion of the factors considered and weight accorded each." State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). "A district attorney general's failure to consider and articulate all relevant factors constitutes an abuse of discretion." McKim, 215 S.W.3d at 787 (citations omitted).

If the application is denied, the defendant may appeal by petitioning the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). The prosecutor's decision to deny

an application for pretrial diversion is presumptively correct, and a trial court reviews the decision under an abuse of discretion standard. McKim, 215 S.W.3d 788 (citations omitted). If the trial court declines to reverse the prosecutor's denial of diversion, the defendant may seek interlocutory review in this court. See generally Tenn. R. App. P. 9 & 10; Tenn. R. Crim. P. 38. On appeal, we review the trial court's decision to determine whether or not it is supported by a preponderance of the evidence. See Bell, 69 S.W.3d at 177 ("On appeal, the appellate court is bound by factual findings made by the trial court unless the evidence preponderates against them.").

In the case at bar, the Defendant's first claim raises a purely legal issue—whether the prosecutor was correct in his assertion that he was "under no obligation" on remand to consider any new evidence submitted by the Defendant that was relevant to her amenability to correction. In reaching the decision to deny pretrial diversion, the prosecutor appears to have considered each of the factors using only the information that was contained in the Defendant's initial application packet or that was current as of the date she first applied—with the possible exception of her criminal history, where the prosecutor noted that the Defendant "does not have a criminal record to date."

On appeal, the State submits that considering any new information contained in the Defendant's "renewed" application would have exceeded the scope of review upon remand. In support of this position, the State quotes from the prior panel's opinion: "We remand this case to the trial court and direct that the matter be remanded to the district attorney general for reconsideration of the pretrial diversion application consistent with this opinion." Stephens, 2009 WL 176577, at *6 (emphasis added). The State reads the aforementioned phrase isolated from its textual context and in the narrowest possible manner, construing it to refer only to the papers comprising the Defendant's initial application. Reminding us that lower courts must adhere to remand orders, see State v. Irick, 906 S.W.2d 440, 443 (Tenn. 1995), the State concludes that affording the Defendant the opportunity to present new evidence not contained in her original application would go beyond the scope of the prosecutor's authority on remand.

While we appreciate the recognition that the State should not exceed the authority given to it by this court on remand, we conclude that our remand should not have been read in terms that would prohibit the prosecutor from considering any new evidence, whether favorable or unfavorable, bearing on the Defendant's amenability to correction. We cannot fathom a situation in which the State, armed with reliable and very unfavorable information about a defendant's amenability to correction, would argue that it was prohibited from considering this evidence. When the earlier panel of this court directed the trial court to remand the case to the prosecutor for reconsideration of the Defendant's pretrial diversion application, the panel was referring to the pretrial diversion application matter as a whole,

not just to whatever papers the Defendant happened to file when she initiated the pretrial diversion process. Nothing in our prior opinion should have been construed as altering the State's duty to consider all information necessary to conduct a proper analysis of the legally-required factors.

On remand, the prosecutor was still legally obligated to focus his decision primarily on an honest assessment of the Defendant's amenability to correction. See McKim, 215 S.W.3d at 786. He had a duty to examine the Defendant's amenability for correction by considering all of the relevant factors, including any favorable evidence. See Bell, 69 S.W.3d at 178; see also Hammersley, 650 S.W.2d at 355. This updated information, covering a three-year period from October 18, 2006 (the date of the original application), to October 14, 2009 (the date the Defendant attempted to supplement her application), surely would have reflected upon the likelihood that the Defendant would or would not become a repeat offender. See Hammersley, 650 S.W.2d at 355.

Similarly, this court has noted that "a change in circumstances of the defendant may merit a remand to the prosecutor." State v. Robbie Carriger, No. E2000-00823-CCA-R3-CD, 2000 WL 1861823, at *7 (Tenn. Crim. App. Dec. 20, 2000) (citing State v. Darla Young Mayo, No. 01C01-9208-CC-00261, 1993 WL 484217, at *4 (Tenn. Crim. App. Nov. 18, 1993) (remanding the case to the trial court for the prosecutor to reconsider diversion "under the circumstances presently existing" when the defendant had acquired a job and moved from the housing project at which the drug offenses occurred and neither the prosecutor nor the trial court indicated how the defendant's favorable factors weighed in relation to the negative factors)). Likewise, "the courts will not sanction an absurd result by prohibiting the consideration of evidence which was discovered by the prosecutor after the defendant petitioned for certiorari despite the prosecutor's good faith efforts and which clearly shows that the defendant is ineligible or is not entitled to diversion." Id. Therefore, we conclude that the prosecutor's decision to exclude this updated information was equivalent to failing to consider all relevant factors, and the prosecutor's refusal to consider any of this new information so tainted his decision-making process as to constitute an abuse of discretion.

As a remedy for this abuse of prosecutorial discretion, the Defendant posits that we should remand the case to the trial court with instructions for the court to order the prosecutor to grant the Defendant pretrial diversion. Our supreme court has recently clarified the remedy that should be applied when there is an abuse of prosecutorial discretion in the denial of an application for pretrial diversion. See State v. Heather Richardson and Brian David Thomason, -- S.W.3d --, Nos. M2010-01360-SC-R11-CD, W2007-02910-SC-R11-CD, 2012 WL 167330, at *3-5 (Tenn. Jan. 20, 2012). In these two cases, the court held that "when a prosecutor has abused his or her discretion by failing to consider and weigh all the relevant pretrial diversion factors or by considering and relying upon an irrelevant factor, the

appropriate remedy is to vacate the prosecutor's ruling and remand to the prosecutor to consider and weigh all of the relevant factors." Id. at *1. This is not a case where the prosecutor considered all relevant factors, and no irrelevant ones, and nonetheless committed an abuse of discretion in denying diversion. See McKim, 215 S.W.3d at 789 n.3 (citing Tenn. Code Ann. § 40-15-105(b)(3)).[2] Under the circumstances presented here, we lack the authority to remand the case to the trial court with instructions for the court to order the prosecutor to grant the Defendant pretrial diversion as requested by the Defendant.

We also lack the authority to engage in a review of the updated information provided by the Defendant following our first remand to make an assessment of her current status for amenability to correction because that information was not considered by the prosecutor in its decision denying the Defendant pretrial diversion. Our supreme court has stated that "the district attorney general's failure to consider all of the relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review." Bell, 69 S.W.3d at 179. "Because the trial court does not have appropriate findings made by the district attorney general upon which to review, allowing it to 'fill in the gaps' would extend de novo review over the district attorney general's decision and would allow the trial court to substitute its view over the pretrial diversion decision-making process." Id. Bell makes it clear that the trial court does not have the authority to "fill in the gaps," and by extension, neither do we.

Relying on the decision in Heather Richardson and Brian David Thomason, we determine that the proper outcome is to once again remand the case to the prosecutor for reconsideration of all relevant factors, including any new information proffered by the Defendant relevant to her amenability to correction. This will afford the district attorney general the opportunity to determine the impact of the new evidence on his evaluation of the Defendant's amenability to correction. To be clear, upon remand, the pretrial application process should not start anew. However, the prosecutor should consider any available relevant information from the intervening years while this case has been on appeal. If this information is so favorable to the Defendant in light of all the legally-relevant considerations that it convinces the prosecutor that the Defendant is now a proper candidate for pretrial diversion, the prosecutor has the authority to accept the Defendant into the program. If, on the other hand, the Defendant is found to have conducted herself in the interim in a manner that reflects unfavorably toward her candidacy for pretrial diversion, the prosecutor is likewise free to consider this unfavorable evidence before reaching a final decision concerning the application.

---

[2] If the trial court determines that the district attorney general has considered all relevant factors, and no irrelevant ones, and has nonetheless committed an abuse of discretion in denying diversion, the trial court may order the prosecutor to place the defendant on pretrial diversion. See Tenn. Code Ann. § 40-15-105(b)(3).

## Conclusion

Based upon the foregoing authorities and reasoning, we vacate the order of the trial court upholding the denial of pretrial diversion. We remand this case to the trial court and direct the trial court to reverse the decision of the prosecutor denying pretrial diversion and remand this matter for a proper evaluation of the Defendant's application.

_____
D. KELLY THOMAS, JR., JUDGE