# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs February 14, 2012

## STATE OF TENNESSEE v. DARNELL HORTON

**Interlocutory Appeal from the Circuit Court for Rutherford County**
**No. M-64760      David Bragg, Judge**

**No. M2011-00709-CCA-R9-CD - Filed June 19, 2012**

The defendant appeals the denial of his application for pretrial diversion, asserting that the prosecutor abused his discretion and that the trial court erred in affirming the prosecutor's denial. The State concedes that the prosecutor failed to assign weight to the relevant factors in reaching the decision to deny pretrial diversion. We reverse the judgment of the trial court and remand for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 9; Judgment of the Circuit Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and CAMILLE R. MCMULLEN, J., joined.

Joy S. Kimbrough, Nashville, Tennessee, for the appellant, Darnell Horton.

Robert E. Cooper, Jr., Attorney General and Reporter; Lindsy Paduch Stempel, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Travis M. Lampley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual and Procedural History

The charges at issue in this case originate from a traffic accident which took place on July 13, 2009. The defendant, Darnell Horton, was making a left turn with his car and failed to yield the right of way to an oncoming motorcycle. The driver of the motorcycle lost his left leg in the collision, and a passenger on the motorcycle was killed. The defendant, who was eighteen years old at the time of the accident, had blood drawn for a toxicology report and tested negative for alcohol and various drugs. On October 30, 2009, an arrest warrant was issued, charging the defendant with failure to yield the right of way in an accident

resulting in death, a Class A misdemeanor, and failure to yield the right of way in an accident resulting in serious bodily injury, a Class B misdemeanor, in violation of Tennessee Code Annotated section 55-8-197.

On April 27, 2010, the defendant's attorney sent a letter to Assistant District Attorney General Thomas Jackson, requesting pretrial diversion and setting forth the circumstances of the accident and certain facts supporting the request for pretrial diversion. The defendant's attorney noted that the defendant was eighteen at the time of the accident, with no prior arrests or juvenile offenses; that the defendant's parents had divorced when he was five and he had lived with both his mother in Maryland and his father in LaVergne, Tennessee; that he had played wide receiver on his high school football team and won several awards; that he had never experimented with drugs or alcohol; that he had been employed at Urban Nation and Fairland Aquatics, both in Maryland; that he hoped to enlist in the United States Air Force; that he had received his GED; that his insurance had given compensation to the victims; and that the defendant and his parents had both spoken with the family of the deceased victim to express sorrow. The letter further made reference to a conversation between defense counsel and Mr. Jackson, noting that Mr. Jackson had stated he would not consider diversion because one victim had died in the accident and because "we just don't give pretrial diversion down here." On July 19, 2010, defense counsel sent a second letter, this time to Assistant District Attorney General Travis Lampley; this letter was essentially identical to the first with the exception that the second letter did not reference the conversation with Mr. Jackson.

On July 29, 2010, the defendant filled out a form entitled "Initial Application for Pre-Trial Diversion." This form requested certain basic information regarding the defendant's social and criminal history. The defendant's answers reflect that he had finished high school, that he was currently employed, that he had no other criminal history, and that he could afford to pay fifty dollars per month in restitution. The defendant did not provide contact information for his current or former employers. The defendant was asked to provide five references who had known him for over ten years, and he provided five names and telephone numbers, but did not provide addresses; he stated that all but one of his references had known him for ten years, and the remaining reference had known him for twelve years.

The prosecutor denied the defendant's application for a pretrial diversion. In doing so, the prosecutor considered the following factors: the circumstances of the offense; the defendant's criminal record; the defendant's social history; the defendant's present condition; the deterrent effect of punishment upon other criminal activity; the defendant's amenability to correction; the likelihood that pretrial diversion would serve the ends of justice and the best interest of both the public and defendant; the defendant's attitude and behavior since arrest; the defendant's home environment; the defendant's current drug usage; the

defendant's emotional stability; the defendant's past employment; the defendant's general reputation; the defendant's marital stability; the defendant's family responsibility; and the defendant's attitude toward law enforcement. In assessing these factors, the prosecutor noted that the defendant had not provided complete employment information and that the State had received no letters of reference. The prosecutor stated that he had attempted to contact the defendant's references by phone and had left messages or received a busy signal for all but one, who had given a favorable reference but who had stated he had known the defendant for only seven or eight years. The State found the defendant's statement that he had known this individual for ten years to be a misrepresentation further supporting denial of the application. The State concluded that pretrial diversion would not serve the ends of justice or best interest of the victim or general public because of the "horrific outcome" of the accident, referencing the death of one victim and the other victim's loss of a leg. The State apparently did not consider the letters sent by the defendant's attorney, as it noted that it had no information for some factors – for example, the defendant's current drug usage – addressed in the letters. The State addressed each factor individually, but assigned no weight to any factor in denying the application.

The defendant filed a Petition for Writ of Certiorari to the trial court, challenging the denial. The defendant noted that the State claimed to have no information regarding certain criteria, but had been "invited to interview" the defendant and was "apprised of personal information" regarding the defendant. The trial court denied the petition, finding that there were no factual disputes requiring the court to hear additional evidence, that the prosecutor had considered all the information provided by the defendant, and that the evidence favorable to the defendant was outweighed by the circumstances of the offense, the defendant's incomplete application, the misrepresentation regarding the length of time the reference had been acquainted with the defendant, and the likelihood that pretrial diversion would not serve the ends of justice or the best interest of the public and the defendant. The defendant then filed a motion for permission to appeal, and the trial court granted this motion. This Court granted the application for interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure.

**Analysis**

Under Tennessee Code Annotated section 40-15-105 (2009), a narrow class of qualified defendants charged with certain crimes may apply for a pretrial diversion. Pretrial diversion is an extraordinary procedure in which prosecution is suspended for a specified period and the charges are dismissed with prejudice at the expiration of ninety days following the period of suspension, if successfully completed. Eligible defendants are those who have not previously been granted diversion, do not have a disqualifying prior conviction, and are not seeking pretrial diversion for a Class A or Class B felony, certain Class C felonies, a

sexual offense, driving under the influence, or vehicular assault.[1]    T.C.A. §
40-15-105(a)(1)(B); *State v. McKim*, 215 S.W.3d 781, 786 (Tenn. 2007).

A defendant who meets the statutory criteria is not presumptively entitled to diversion; diversion rests instead in the sole discretion of the prosecution. *State v. Bell*, 69 S.W.3d 171, 176 (Tenn. 2002). The burden is on the defendant to provide the prosecution with sufficient information to allow a reasoned decision; this information may be supplemented by the pretrial investigation authorized by Tennessee Code Annotated section 40-15-104. *State v. Baxter*, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993); *see also State v. Bell*, 69 S.W.3d at 177. The Tennessee Supreme Court has delineated certain factors which must be considered by the prosecution in evaluating an application for pretrial diversion:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. Such factors must, of course, be clearly articulable and stated in the record in order that meaningful appellate review may be had. Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

*State v. Bell*, 69 S.W.3d at 176 (quoting *State v. Hammersley*, 650 S.W.2d 352, 355 (Tenn. 1983)); *see also State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993) (also citing as factors the deterrent effect of punishment upon other criminal activity, the applicant's attitude, behavior since arrest, prior record, home environment, current drug usage, emotional stability, past employment, general reputation, marital stability, family responsibility and attitude to law enforcement).

In denying pretrial diversion, the district attorney general must consider all relevant factors, must weigh each factor, and must explain in writing how the decision was reached. *State v. Bell*, 69 S.W.3d at 178. Furthermore, the prosecution may not base its decision upon irrelevant factors. *State v. McKim*, 215 S.W.3d at 787 (finding that district attorney general

---

[1]This section has since been amended to change the definition of a "qualified defendant." 2011 Tenn. Pub. Acts, ch. 484, § 1.

improperly relied on irrelevant determination that negligent homicide should not be divertible). While the State may rely on the circumstances of the offense and need for deterrence in denying pretrial diversion, these factors cannot be given controlling weight unless they are "'of such overwhelming significance that they [necessarily] outweigh all other factors.'" *State v. Washington*, 866 S.W.2d at 951 (quoting *State v. Markham*, 755 S.W.2d 850, 853 (Tenn. Crim. App. 1988)); *see State v. Richardson*, 357 S.W.3d 620, 626 (Tenn. 2012).

In the event that the application is denied, the defendant may petition for a writ of certiorari to the trial court. *Richardson*, 357 S.W.3d at 627 (citing T.C.A. § 40-15-105(b)(3)). The trial court reviews the prosecution's action for abuse of discretion. The trial court's application of this standard of review is twofold: first, the trial court determines whether the district attorney general's office followed the proper procedure in reaching its decision, and then the trial court determines whether the decision is supported by substantial evidence. *Id.* In reviewing the prosecutor's procedure in reaching a decision, the trial court's proper focus is not on the decision's intrinsic correctness but on the methodology employed. *Id.* Additionally, the trial court must examine each factor and determine if the prosecution's findings are supported by substantial evidence. *McKim*, 215 S.W.3d at 788. In doing so, the trial court may not re-weigh the evidence or substitute its opinion for that of the prosecutor. *Bell*, 69 S.W.3d at 179. The trial court must limit its review to the evidence that was before the district attorney general and any factual disputes resolved by the trial court. *State v. Yancey*, 69 S.W.3d 553, 557 (Tenn. 2002). The appellate court's review then determines whether the trial court's decision was supported by a preponderance of the evidence. *Richardson*, 357 S.W.3d at 627.

When an abuse of discretion is discovered, the remedy depends on the nature of that abuse of discretion. If the prosecution has neglected to follow the proper methodology in its determination – by, e.g., failing to consider all relevant factors, considering an irrelevant factor, failing to assign weight to the factors, or failing to explain in writing how the decision was reached – the reviewing court must vacate the decision and remand the case to the district attorney general. *Richardson*, 357 S.W.3d at 627. On the other hand, if the trial court finds that the prosecution has abused its discretion because the denial is not supported by substantial evidence, the reviewing court may order the defendant to be placed on pretrial diversion. *Id.*; T.C.A. § 40-15-105(b)(3) (dictating that if the trial court finds an abuse of discretion, "the trial court may order the prosecuting attorney to place the defendant in a diversion status on the terms and conditions as the trial court may order").

In the case at bar, the defendant contends, and the State concedes, that the prosecutor abused his discretion by failing to assign weight to the factors considered in his written findings. We concur. The trial court, in reviewing the prosecutor's decision, appears to have

re-weighed the evidence rather than to have reviewed the prosecutor's methodology and determined whether substantial evidence supported the decision.

The prosecutor's failure to follow the procedures outlined in the decisions of the Tennessee Supreme Court was an abuse of discretion. *See Bell*, 69 S.W.3d at 178. First, as noted above, the prosecutor failed to assign weight to the factors he considered. Moreover, the prosecutor abused his discretion in failing to consider all the facts before him, including those contained in the defense attorney's letter. "In deciding whether to grant pretrial diversion, 'the district attorney general has a duty to exercise his or her discretion by focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant.'" *Richardson*, 357 S.W.3d at 626 (quoting *Bell*, 69 S.W.3d at 178). While the prosecutor was not obligated to give any particular weight to the evidence contained in the defense attorney's letter, it was an abuse of discretion to refuse to consider the facts recited by the defense attorney. If the prosecutor found the assertions of the defense attorney to lack credibility, the prosecutor was further obligated to designate these facts as disputed in order to allow the trial court the opportunity to hold a hearing and resolve any factual disputes. *Bell*, 69 S.W.3d at 177. The prosecutor's failure to consider the evidence favorable to the defendant, particularly as it related to the core inquiry regarding the defendant's amenability to correction, was an abuse of discretion. We further find that the prosecutor abused his discretion by relying on a factor not specified in caselaw. In analyzing the likelihood that pretrial diversion would serve the ends of justice and the best interest of both the public and the defendant, the prosecutor analyzed instead the best interest of the victim. This reliance was misplaced. *See McKim*, 215 S.W.3d at 787 ("The obvious corollary to [the requirement to consider all relevant factors] is that the district attorney general must *avoid* relying upon *irrelevant* factors in denying diversion."). We note parenthetically that the denial of pretrial diversion based on a general refusal to give pretrial diversion or a refusal to grant pretrial diversion in all cases where a victim had died would also be an abuse of discretion. *Id.* We conclude that the trial court erred in finding the prosecutor did not abuse his discretion.

## CONCLUSION

Because the prosecutor failed to follow the proper methodology by neglecting to assign weight to the factors, by failing to consider evidence favorable to the defendant, and by considering extraneous factors, the judgment of the trial court is reversed and the matter is remanded with instructions to the trial court to vacate the prosecutor's decision and to allow the prosecution to reconsider the defendant's application for pretrial diversion.

-6-

_____
JOHN EVERETT WILLIAMS, JUDGE