In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00374-CR**
_____

**CAMERON RAPHAEL YOUNG, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-10-11886-CR**

**MEMORANDUM OPINION**

A jury found Cameron Raphael Young guilty of assault family violence by strangulation. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2019). The trial court found habitual offender enhancement allegations to be true and imposed a sixty-year sentence. *See* Tex. Penal Code Ann. § 12.42(d) (West 2019). In seven issues, Young contends the trial court erred: (1) by denying Young's motion to suppress the digital contents of his cell phone; (2) by allowing a witness to testify as

1

an expert on domestic violence; (3) by excluding two prior written statements of the complaining witness; (4) by excluding a recorded interview of the complaining witness; (5) by admitting charts depicting trial testimony on a timeline; (6) by imposing a sentence for a felony offense upon conviction for misdemeanor assault; and (7) by enlarging the indictment in the charge to the jury. We affirm the trial court's judgment.

## Motion to Suppress

In his first issue, Young contends the trial court erred by overruling Young's motion to suppress the digital contents of his cell phone and admitting that evidence. The State obtained a search warrant before searching the phone, which had been impounded with his personal effects at the time of his arrest, but Young argues the evidence obtained through the warrant must be excluded because the State unlawfully seized the cell phone before obtaining the warrant.

Young was taken into custody in Brazos County pursuant to an arrest warrant and transported to Montgomery County. The cell phone was among the personal effects in Young's possession at the time of his arrest. The investigating officer requested the search warrant because he had information that Young had contacted the complaining witness before and after the incident and a forensic examination of the cell phone would provide corroborating evidence. In the suppression hearing, the

2

State conceded that a law enforcement official put the cell phone in evidence collection upon Young's arrival in Montgomery County and obtained a warrant the following morning.

We review the trial court's ruling on a motion to suppress under a bifurcated standard of review. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and when the application of law to fact turns on an evaluation of credibility and demeanor, but we review *de novo* questions of law and the trial court's application of the law to the facts of the case as to questions that do not turn on credibility and demeanor. *Id.* When there are no explicit fact findings, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). We will sustain the trial court's ruling if the record reasonably supports that ruling and is correct on any theory of law applicable to the case. *Cole v. State*, 490 S.W.3d 918, 922 (Tex. Crim. App. 2016). Whether a particular detention was reasonable under the Fourth Amendment is a question of the application of law reviewed *de novo*. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004).

Generally, when a law enforcement authority has probable cause to believe that a container holds evidence of a crime, the Fourth Amendment permits seizure of the property pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or another exception to the warrant requirement is present. *U.S. v. Place*, 462 U.S. 696, 701 (1983). A seizure based on less than probable cause may be supported when the nature of the intrusion is minimally invasive of the individual's Fourth Amendment interests. *Id.* at 703. An investigative detention of personalty on reasonable suspicion that it contains evidence of a crime must be temporary and last no longer than necessary to effectuate the purpose of the intrusion. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997).

A person does not lose his reasonable expectation of privacy in the contents of a cell phone merely because it is being stored in a jail property room. *State v. Granville*, 423 S.W.3d 399, 417 (Tex. Crim. App. 2014). But "the police may legitimately 'seize' the property and hold it while they seek a search warrant." *Id.* at 412. Here, the State had a strong interest in seizing the cell phone because the investigating officer had reason to believe it contained evidence that Young used the cell phone to communicate with the victim of the assault, and there was no evidence that the State actually interfered with Young's possessory interest in the cell phone

4

while he was in jail. The officer obtained a warrant the following day before any search of the cell phone occurred. Under these circumstances, the State's seizure of the cell phone was not unreasonable under the Fourth Amendment. *See id.* We overrule issue one.

## Domestic Violence Expert Testimony

In his second issue, Young complains that the trial court allowed testimony from Vicki Zarate, a therapist holding a master's degree in social work and employed as an intern supervisor for the Montgomery County Women's Center. Young argues Zarate's general testimony about the cycle of violence was neither relevant nor probative. Referring to Zarate's testimony that a person who engages in domestic abuse will threaten harm to the partner's family and pets, Young argues Zarate invited the jury to speculate and improperly infer that Young committed uncharged extraneous offenses, in violation of Texas Rule of Evidence 403. *See generally* Tex. R. Evid. 403. However, in his trial, Young did not object to the particular testimony that he complains about in his appeal. Young's Rule 403 objections occurred at earlier points in Zarate's testimony, on a question about her professional experience before she started working at the Montgomery County Women's Center, when the State offered her resume in evidence and when she was asked a hypothetical question about abusers belittling their victims.

5

The contemporaneous objection rule requires that a party object each time inadmissible evidence is offered. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Two exceptions to the contemporaneous objection rule allow a party to obtain a running objection or obtain a ruling outside the jury's presence. *Id.* at 858–59; *see also* Tex. R. Evid. 103(b). The record shows that Young made his objections while the jury was present in the courtroom. He never requested a running objection. Young did not preserve the complaint in his brief for appellate review. *See* Tex. R. App. P. 33.1.

Assuming without deciding that the trial court understood Young's objections to challenge the admissibility of Zarate's testimony under Rule 702, we conclude that allowing Zarate to testify as an expert was within the zone of reasonable disagreement. An expert may testify regarding a general subject matter that would aid the jury in understanding the evidence. *Tillman v. State*, 354 S.W.3d 425, 440–441 (Tex. Crim. App. 2011). Zarate's testimony concerning the cycle of violence helped explain to the jury the evidence previously before it regarding text messages between Young and the complaining witness, in which Young apologized for his violent actions and the complaining witness expressed forgiveness and a desire to maintain their relationship and drop the criminal charges. We overrule issue two.

## Prior Inconsistent Statements

In issues three and four, Young argues that the trial court abused its discretion by excluding two written statements and a recorded statement made by the complaining witness during the investigation of the charged offense. In each case, the exhibit was offered as a prior inconsistent statement.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008). An evidentiary ruling will be upheld if it was correct on any theory of law applicable to the case. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). We review the trial court's ruling in light of what was before the trial court when it ruled. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

When examining a witness about the witness's prior inconsistent statement, a party must first tell the witness (1) the contents of the statement, (2) the time and place of the statement, and (3) the person to whom the witness made the statement. Tex. R. Evid. 613(a)(1). The witness must be given the opportunity to explain or deny the prior inconsistent statement. *Id*. 613(a)(3). "Extrinsic evidence of a witness's prior inconsistent statement is not admissible unless the witness is first

7

examined about the statement and fails to unequivocally admit making the statement." *Id.* 613(a)(4).

In this case, the witness unequivocally admitted to making each of the three statements. She admitted each of the statements was inconsistent with her other statements and with her trial testimony. When the witness unequivocally admits making the statement, the instrument itself is not admissible because the witness has impeached herself. *McGary v. State*, 750 S.W.2d 782, 787 (Tex. Crim. App. 1988). The witness could not recall making some specific statements in her recorded interview, but Young offered the entire statement without isolating the parts of the recorded statement where the witness may have equivocated. "The fact that a statement contains portions which might impeach a witness will not furnish the proper predicate for the admission of the entire statement." *Id.*

In his appellate brief, Young argues the complaining witness's written statements were admissible to show her bias or interest. *See generally* Tex. R. Evid. 613(b); *see also* U.S. Const. Amend VI ("[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]"). Young did not invoke the Confrontation Clause or Rule 613(b) when he offered the exhibits in the trial. These complaints were not preserved for appellate review. *See* Tex. R. App. P. 33.1. We overrule issues three and four.

**Timeline Exhibits**

In his fifth issue, Young argues the trial court abused its discretion by admitting into evidence charts depicting timelines that the prosecutor created during the trial based upon statements made by witnesses during the trial. In the trial, Young objected that the exhibits were "bolstering" and "duplicative" of the witnesses' testimony. The trial court may, in its discretion, allow the use of visual aids to illustrate witnesses' testimony that is already before the jury. *Clay v. State*, 592 S.W.2d 609, 613 (Tex. Crim. App. [Panel Op.] 1980). In this case, the exhibits were a visual aid to help the jury understand the sequence of events for testimony that was already before the jury. A visual aid that accurately depicts previous testimony is not improper bolstering. *See Marras v. State*, 741 S.W.2d 395, 404–05 (Tex. Crim. App. 1987), *overruled on other grounds by Garrett v. State*, 851 S.W.2d 853, 860 (Tex. Crim. App. 1993). We overrule issue five.

**Level of Offense Charged**

In his sixth issue, Young argues the indictment alleged a misdemeanor offense because it failed to state that the offense was committed by "intentionally, knowingly, or recklessly" impeding the normal breathing of T.F. The application paragraph included the mental state with which Young impeded the normal breathing of T.F., but Young argues the jury's finding that he is guilty "as charged

in the Indictment" means he has been convicted of a misdemeanor offense. He requests a remand for reformation of the judgment to reflect a conviction for a Class A misdemeanor and a new punishment hearing. In its reply brief, the State contends Young's complaint concerns indictment error that he failed to preserve for appellate review by filing a motion to quash the indictment. *See Studer v. State*, 799 S.W.2d 263, 267–68 (Tex. Crim. App. 1990).

Where the indictment properly charges a misdemeanor and lacks an element necessary to charge a felony, but the felony offense exists, the indictment's return in a felony court puts the defendant on notice that the State intends to charge a felony offense. *Kirkpatrick v. State*, 279 S.W.3d 324, 328 (Tex. Crim. App. 2009). The defendant must object to the defective indictment before the day of trial or waive error. *Id.*; *see also Teal v. State*, 230 S.W.3d 172, 175 (Tex. Crim. App. 2007). When the question is the particular offense for which the defendant was tried before the jury, we use evidence from the entire record including the indictment and its headings, to determine the particular offense for which the defendant was tried. *Miles v. State*, 357 S.W.3d 628, 637 n.31 (Tex. Crim. App. 2011).

The indictment alleged that Young

did intentionally, knowingly or recklessly cause bodily injury to [T.F.], a member of the defendant's family or a member of the defendant's household or a person with whom the defendant has or has had a dating relationship, . . . by impeding the normal breathing or circulation of the

10

blood of [T.F.] by applying pressure to [T.F.'s] throat or neck or by blocking [T.F.'s] nose or mouth[.]

The indictment tracked the language of section 22.01(a)(1) and (b)(2)(B). *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B). This language, together with the fact that Young was charged by an indictment filed in district court, notified Young that he was charged with committing a third-degree felony assault. *See id*. Because the jury found Young guilty of "Assault Family Violence Strangulation, as charged in the Indictment[,]" and not for a lesser included offense, we overrule issue six.

## Charge Error

In his seventh and final issue, Young complains that the application paragraph in the jury charge impermissibly enlarged the offense charged in the indictment by adding "intentionally, knowingly, or recklessly" to "impeding the normal breathing or circulation of the blood of [T.F.] by applying pressure to [T.F.'s] throat or neck, or by blocking [T.F.'s] nose or mouth." Additionally, Young complains that the trial court erroneously included a "nature of his conduct" definition for the mental state of "knowingly" in the abstract portion of the charge.

The jury charge included in the abstract a definition of "knowingly" as "[a] person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." In an offense charged under section

11

22.01(b)(2)(B), the culpable mental state applies only to the result of impeding normal breathing or circulation of the blood. *Price v. State*, 457 S.W.3d 437, 443 (Tex. Crim. App. 2015); Tex. Penal Code Ann. § 22.01(b)(2)(B). The trial court errs if it fails to tailor the abstract portion of the charge to the applicable conduct element of the offense. *Price*, 457 S.W.3d at 441.

Young did not object to the charge. Therefore, we may reverse the judgment only upon a showing of harm so egregious as to deprive the defendant of a fair and impartial trial. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Id.* We consider the entire charge, the state of the evidence, the arguments of counsel and any other relevant information revealed by the entire record. *Id.*

Where the application paragraph correctly instructs the jury that the culpable mental state applies to the result of the defendant's conduct, any error in the abstract instruction is not egregious. *Medina v. State*, 7 S.W.3d 633, 639 (Tex. Crim. App. 1999). The jury charge in this case applied the intent element to the result of Young's conduct. The error in the abstract definition of "knowingly" did not egregiously harm Young. *See id.*

Furthermore, "[w]here the indictment does not facially allege a complete offense . . . , the State may attempt to prove (and the defendant is deemed to be on notice of) any theory of the offense that is consistent with the incomplete indictment and the controlling penal provision examined together." *Fisher v. State*, 887 S.W.2d 49, 57 (Tex. Crim. App. 1994), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234, 239 (Tex. Crim. App. 1997). "Accordingly, the instruction may broaden the State's theory as set forth in the incomplete indictment so long as the instruction remains consistent with the allegations that are contained in the indictment and with the controlling penal provision." *Id*. 887 S.W.2d at 57–58. The jury charge in this case correctly instructed the jury on the statutory elements of the controlling penal statute, assault family violence by strangulation. *See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2)(B). We overrule issue seven and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 13, 2019
Opinion Delivered April 17, 2019
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.

13