# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY SESSION, 1999

**FILED**

July 30, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | C.C.A. NO. 01C01-9804-CR-00159 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. SETH NORMAN** |
| **JOSEPHINE SKIDMORE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Pretrial Diversion)** |

FOR THE APPELLANT:

JOHN KNOX WALKUP
Attorney General and Reporter

DARYL J. BRAND
Associate Solicitor General
425 Fifth Avenue North
Nashville, TN 37243

VICTOR S. JOHNSON
District Attorney General

KATRIN MILLER
Assistant District Attorney
222 Second Avenue North
Nashville, TN 37201-1649

FOR THE APPELLEE:

CHARLES R. RAY
JEFFERY S. FRENSLEY
211 Third Avenue North
P. O. Box 198288
Nashville, TN 37219-8288

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

The appellee, Josephine Skidmore, was indicted by the Sumner County grand jury with one (1) count of forgery and one (1) count of making, presenting or using a false document with the intent that it be taken as a genuine governmental record. She applied for pretrial diversion, which was denied by the district attorney. Skidmore subsequently filed a petition for writ of certiorari with the trial court to review the district attorney's denial of pretrial diversion. The trial court found that the assistant district attorney abused her discretion and placed the appellee on pretrial diversion for a period of one (1) year, which would run retroactively from the date of the indictment. The state appeals, claiming that the trial court erred in (1) reversing the district attorney's decision to deny pretrial diversion, and (2) ordering a retroactive diversionary period. After a thorough review of the record before this Court, we conclude that the trial court erred in finding that the district attorney abused her discretion and, accordingly, reverse the judgment of the trial court.

## I.

The appellee is an alderman for the City of Hendersonville, as well as a Sumner County commissioner. In June 1996, Karen Martin obtained a petition from the appellee in support of Ray Rollins to be appointed to a vacant seat on the county commission. Skidmore prepared the petition by photocopying seven (7) pages from an earlier petition which opposed a zoning change. She then changed the heading of the petition to support Rollins as county commissioner.

Initials were added in the margins alongside several names, according to Skidmore, to indicate those individuals who assented to use their names in support of Rollins' nomination. Martin presented this petition to the county commission on June 17.

Subsequently, District Attorney General Lawrence Ray Whitley requested that the Tennessee Bureau of Investigation conduct an investigation into the matter. TBI Agent Richard Stout contacted many of the individuals listed on the Rollins petition to verify whether these individuals agreed to support Rollins in the petition. Nearly all of the individuals contacted denied signing or initialing the Rollins petition and could not recall being contacted in regards to the Rollins petition.

General Whitley recused himself and his office from the matter, and Victor S. Johnson, III was appointed as special prosecutor in this case. The Sumner County grand jury indicted the appellee with one (1) count of forgery and one (1) count of making, presenting, or using a false document with the intent that it be taken as a genuine governmental record. The appellee subsequently applied for pretrial diversion.

At the time of her application, the appellee was sixty-seven (67) years old with no prior criminal record. She is a widow and has two (2) living children. She worked in her daughter's law office and has held positions as an alderman for the city of Hendersonville and a Sumner County commissioner. In support of her application, the appellee submitted approximately fifty (50) letters from neighbors, colleagues and friends attesting to her good moral character and active community involvement.

The appellee also intimated that her prosecution was initiated as part of a "political vendetta" against her. In support of this position, defense counsel

subsequently submitted a letter which detailed other instances of falsification of governmental documents which were not prosecuted by the District Attorney's Office for the Eighteenth Judicial District.

In her letter denying pretrial diversion, Assistant District Attorney Katrin Novak Miller recognized the factors favorable to the appellee, including her lack of a criminal record. Miller stated, "Ms. Skidmore appears to be an emotionally stable and responsible individual. She has no history of substance abuse. She is a responsible and respected member of her community. The likelihood of her ever becoming involved in a criminal matter again seems unlikely."

However, General Miller denied diversion based upon: (1) the circumstances of the offense; (2) the deterrent effect of punishment on other criminal activity; and (3) the likelihood that pretrial diversion will serve the best interests of the public and the appellee. Miller determined that the reasons for denying diversion "far outweigh[ed]" the relevant factors in the appellee's favor. Specifically, she stated:

> This office finds that her actions in altering and causing a fraudulent document to be submitted to a public office undermines the public confidence in the governmental process. Petitions supporting whatever view submitted to whatever body are the public speaking in its purest form next to the actual live voice. If the integrity of a public petition is not maintained, what assurance do any citizens have in the future of knowing if a signature they willingly give to support one cause won't be used to espouse another cause? What Ms. Skidmore did was to manufacture a petition which falsely indicated a public position. Because she is an elected official, she is in a position of leadership and trust. As she is an example of good works in her community, she must also be an example of the consequences of misconduct. In reviewing cases of pre-trial diversion denial, the appellate courts have repeatedly held that the deterrent effect of punishment upon other criminal activity is a factor which the district attorney should consider, . . . Cases in which fraud is involved, including forgery cases, seem to compose such a category of offense which by their very nature, need no extrinsic proof to establish the deterrent value of punishment.

Miller noted that even though the appellee admitted altering the petition, "she did not seem to appreciate the wrongfulness of her actions." In addition, Miller rejected the appellee's allegations that the prosecution was politically motivated in light of the fact that the Davidson County District Attorney's Office, rather than the local district attorney, decided to submit the matter to the grand jury.

The appellee filed a petition for writ of certiorari to the trial court[1] to review the district attorney's denial of pretrial diversion. At the hearing, Assistant District Attorney Miller testified as to her reasons for denying diversion. When defense counsel intimated that ADA Miller was influenced by the Mayor of Hendersonville in her decision to deny diversion, the trial court interjected, "I will tell you, the Court knows General Miller [well] enough to know that nobody is going to influence her decision. I full well understand General Miller. Both as judge and as a former trial lawyer, I know how General Miler is about her opinion in matters."

The trial court took the matter under advisement, but subsequently released an opinion expressing its concern that the prosecution was politically motivated. The trial court further stated that it was "aware of the requirements" of State v. Hammersley, 650 S.W.2d 352 (Tenn. 1983), "however the Court is concerned that a criminal prosecution might have been motivated by local politics. This the Court cannot allow. This Court believes that this is an appropriate case for diversion." In a subsequent order, the trial court found that the prosecutor had abused her discretion in denying diversion and, therefore, ruled that the appellee be placed on diversion for a period of one (1) year. The trial court further determined that "[d]ue to [the appellant's] cooperation with law

_____

[1] All judges from the Eighteenth Judicial District recused themselves from the matter. The Honorable Seth Norman, Criminal Court Judge, Division Four, for the Twentieth Judicial District was appointed to hear the matter by interchange.

enforcement and her conduct during the pendency of this matter, . . . the diversionary period shall be retroactive to the filing of the indictment," approximately one (1) year prior to the filing of the order. Therefore, the trial court ordered that the prosecution against the appellee be dismissed, contingent upon her payment of court costs.

From the trial court's order, the State of Tennessee brings this appeal.

**II.**

The Pretrial Diversion Act provides a means of avoiding the consequences of a public prosecution for those who have the potential to be rehabilitated and avoid future criminal charges. Tenn. Code Ann. § 40-15-105. Pretrial diversion is extraordinary relief for which the defendant bears the burden of proof. State v. Baxter, 868 S.W.2d 679, 681 (Tenn. Crim. App. 1993).

The decision to grant pretrial diversion rests within the discretion of the district attorney. Tenn. Code Ann. § 40-15-105(b)(3); *see* State v. Curry, 988 S.W.2d 153, 157 (Tenn. 1999). In exercising that discretion, the Tennessee Supreme Court has offered this guidance:

> When deciding whether to enter into a memorandum of understanding under the pretrial diversion statute a prosecutor should focus on the defendant's amenability to correction. Any factors which tend to accurately reflect whether a particular defendant will or will not become a repeat offender should be considered. . . . Among the factors to be considered in addition to the circumstances of the offense are the defendant's criminal record, social history, the physical and mental condition of a defendant where appropriate, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant.

State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983). However, "the focus on amenability to correction is not an exclusive one." State v. Carr, 861 S.W.2d

850, 855 (Tenn. Crim. App. 1993). Deterrence of the defendant and others is also a proper factor to consider. Hammersley, 650 S.W.2d at 354. In fact, the circumstances of the crime and the need for deterrence may outweigh other applicable factors and justify the denial of pretrial diversion. State v. Lutry, 938 S.W.2d 431, 434 (Tenn. Crim. App. 1996).

When deciding whether to grant pretrial diversion, the district attorney should consider the following factors: (1) the circumstances of the offense; (2) the defendant's criminal record, social history, and present condition, including mental and physical conditions if appropriate; (3) the deterrent effect of punishment on other criminal activity; (4) the defendant's amenability to correction; and (5) the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and the defendant. State v. Washington, 866 S.W.2d 950, 951 (Tenn. 1993).

When denying an application for pretrial diversion, the District Attorney must clearly articulate the specific reasons for denial in the record in order to provide for meaningful appellate review. State v. Hammersley, 650 S.W.2d at 355. As stated by the Tennessee Supreme Court, the requirement that the district attorney consider all relevant factors:

> entails more than an abstract statement in the record that the district attorney general has considered these factors. He must articulate why he believes a defendant in a particular case does not meet the test. If the attorney general bases his decision on less than the full complement of factors enumerated in this opinion he must, for the record, state why he considers that those he relies on outweigh the other submitted for his consideration.

State v. Herron, 767 S.W.2d 151, 156 (Tenn. 1989). The failure of the record to reflect that the District Attorney considered all of the applicable factors would allow a reviewing court to find an abuse of discretion. See State v. Carr, 861 S.W.2d at 858.

The district attorney's decision to grant or deny pretrial diversion is presumptively correct and shall be reversed only when the appellant establishes that there has been an abuse of prosecutorial discretion. State v. Curry, 988 S.W.2d at 158. In order to establish such an abuse of discretion, the record must show an absence of any substantial evidence to support the district attorney's refusal to grant pretrial diversion. Id. Therefore, in a close case where the District Attorney could have legitimately granted or denied the application, the trial judge must defer to the judgment of the District Attorney. State v. Carr, 861 S.W.2d at 856.

On appellate review of the judgment of the trial court in diversion cases the trial court's findings of fact are binding on an appellate court unless the evidence preponderates against those findings. State v. Lutry, 938 S.W.2d at 434. Therefore, we review to determine whether the trial court's decision is supported by a preponderance of the evidence. State v. Curry, 988 S.W.2d at 158; State v. Pinkham, 955 S.W.2d 956, 960 (Tenn. 1997). When reviewing a denial of pretrial diversion, this Court may not substitute its judgment for that of the district attorney's even if we would have preferred a different result. State v. Houston, 900 S.W.2d 712, 714 (Tenn. Crim. App. 1995).

**III.**

In her letter denying diversion, the assistant district attorney recognized that the appellee was "an emotionally stable and responsible individual. She has no history of substance abuse. She is a responsible and respected member of her community. The likelihood of her ever becoming involved in a criminal matter again seems unlikely." However, the assistant district attorney determined that

pretrial diversion should be denied based upon (1) the circumstances of the offense, (2) the deterrent effect of punishment on other criminal activity, and (3) the likelihood that pretrial diversion will serve the best interests of the public and the appellee. Miller determined that the reasons for denying diversion "far outweigh[ed]" the relevant factors in the appellee's favor. She expressed concern over the fact that the appellee is a public official, and her actions served to "undermine[] the public confidence in the governmental process." Further, the assistant district attorney found that because this case involved fraud, the deterrent effect of punishment upon other criminal activity was a significant factor weighing against pretrial diversion. Moreover, she observed that even though the appellee admitted altering the petition, "she did not seem to appreciate the wrongfulness of her actions."

In its written opinion and subsequent order, the trial court found that the assistant district attorney abused her discretion in denying pretrial diversion. The trial court based its decision solely on its determination that the subject prosecution "might have been motivated by local politics." We believe that the evidence in the record preponderates against the trial court's findings.

First, even if the record fully supported the appellee's allegations that District Attorney General Lawrence Ray Whitley was "politically motivated" in initiating the investigation and subsequent charges against the appellee,[2] the subjective motivations of the prosecution are irrelevant if, in fact, there is probable cause to believe that the appellee committed the criminal acts as charged.

---

[2] This Court does not find that such allegations were established in this record. The only "evidence" that this prosecution was politically motivated consists of a letter submitted by defense counsel alleging various instances of unprosecuted fraudulent conduct committed by other individuals within the Eighteenth Judicial District.

Secondly, once the TBI had concluded its investigation into these matters, the entire case was transferred to the Davidson County District Attorney's Office who decided to submit the case to the Sumner County grand jury. The grand jury then returned an indictment charging the appellee with one (1) count of forgery and one (1) count of making, presenting or using a false document with the intent that it be taken as a genuine governmental record.

Finally and, most importantly, there is no evidence in the record to support the allegation that the decision to deny pretrial diversion was politically motivated. During his examination of Assistant District Attorney Miller, defense counsel questioned her about phone calls she had received from the Mayor of Hendersonville in connection with this matter. When defense counsel implied that Miller might have been influenced by the mayor in her decision to deny diversion, the trial court interjected, "I will tell you, the Court knows General Miller [well] enough to know that nobody is going to influence her decision. I full well understand General Miller. Both as judge and as a former trial lawyer, I know how General Miler is about her opinion in matters." Thus, the trial court made a specific finding of fact that the decision to deny diversion was not politically motivated.

Allegations of prosecutorial vindictiveness or selective prosecution in the institution of a prosecution, have constitutional implications that, if proven, may warrant dismissal of the indictment. *See* Blackledge v. Perry, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974) (due process may be implicated if a prosecutor vindictively increases a charge to a felony after a misdemeanant has invoked an appellate remedy); Wayte v. United States, 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (equal protection standards prevent selective prosecution on the basis of race, religion, or other arbitrary

-10-

classification). However, as long as the prosecutor has probable cause to believe that an accused committed an offense, the determination whether to prosecute rests entirely within the prosecutor's discretion, subject to these constitutional limitations. State v. Superior Oil, Inc., 875 S.W.2d 658, 660 (Tenn. 1994); Quillen v. Crockett, 928 S.W.2d 47, 51 (Tenn. Crim. App. 1995).

In any event, the trial court's review under Tenn. Code Ann. § 40-15-105(b)(3) is limited to the question of abuse of discretion concerning the pretrial diversion decision, not subjective motives concerning the institution of the prosecution. The trial court must find an abuse of discretion with regard to the denial of diversion. On this point the trial court specifically found that political motivations played no part in Assistant District Attorney Miller's decision to deny diversion.

The trial court found that this case was "an appropriate case for diversion" and granted diversion on this basis. The trial court is not at liberty to substitute its own judgment for that of the district attorney in its review for an abuse of discretion. See State v. Houston, 900 S.W.2d at 714. In this case, the assistant district attorney outlined her reasons for denying diversion in a detailed, four (4) page letter. She recognized the appellee's lack of criminal record, her favorable social and work history and her amenability to rehabilitation. However, she determined that the unfavorable factors outweighed the favorable ones and gave a detailed explanation as to why the unfavorable factors were given more weight. See State v. Curry, 988 S.W.2d at 158.

Although we believe the question of the appellant's suitability for diversion is a close call, we conclude that the trial court should have deferred to the discretion of the prosecutor in her refusal to divert. As stated by this Court in State v. Carr,

It is not the trial court's function to disapprove the denial whenever it disagrees with the prosecutor. It is obligated to defer to the prosecutor's discretion when the record contains any substantial evidence to support the decision. Thus, if the record would support either a grant or a denial of pretrial diversion, the trial court must defer to the prosecutor's discretionary decision. As our Supreme Court has previously stated regarding a discretionary decision in another context, if "the evidence would support either conclusion . . . it cannot be an abuse of discretion to decide the case either way."

861 S.W.2d at 856 (quoting State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)).

## IV.

The evidence in the record preponderates against the trial court's findings that the district attorney abused her discretion in denying pretrial diversion.[3] Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE

_____
NORMA MCGEE OGLE, JUDGE

---

[3] Because this Court must reverse the trial court's decision, the issue regarding the propriety of a retroactive diversionary period is pretermitted.