IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 1, 2012

**STATE OF TENNESSEE v. AREF AL YAMANI**

**Direct Appeal from the Criminal Court for Shelby County**
**No. 10-06896    Paula Skahan, Judge**

_____

**No. W2011-02041-CCA-R3-CO  - Filed September 6, 2012**

_____

The District Attorney General denied the request of the Defendant, Aref Al Yamani, for pretrial diversion. The Defendant appealed to the trial court, who found that the District Attorney General had abused its discretion when it denied the Defendant's request for pretrial diversion because the District Attorney failed to consider all the relevant factors when it denied the Defendant's request. Based upon this finding, the trial court ordered the District Attorney General to approve the Defendant's application for pretrial diversion. The State appeals, contending that the proper remedy in this scenario is for the trial court to vacate the District Attorney General's decision and remand the matter to the District Attorney General to further consider and weigh all the relevant factors, citing *State v. Richardson*, 357 S.W.3d 620 (Tenn. 2012). After a thorough review of the record and relevant authorities, we conclude the trial court erred when it failed to remand the case to the District Attorney General to consider all the relevant factors. Accordingly, we reverse the trial court's decision and remand to the Shelby County Criminal Court with directions to remand to the Shelby County District Attorney General for reconsideration in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Amy P. Weirich, District Attorney General; John Campbell, Assistant District Attorney General, for the appellant, State of Tennessee.

Christopher B. Sullivan, Memphis, Tennessee, for the appellee, Aref Al Yamani.

# OPINION

## I. Facts

A Shelby County grand jury indicted the Defendant for one count of theft of property valued over $10,000 but less than $60,000 and also for twenty-five counts of sales tax fraud. The Defendant applied for pretrial diversion. In his application, he noted that he lacked a criminal record and offered to pay full restitution upon approval of his application. The Defendant stated he would operate his business in a lawful manner and pay sales taxes. The Assistant District Attorney General ("ADA") denied the Defendant's request. In the letter of denial, the ADA noted that the Defendant perpetrated his fraud over a period of twenty-four months and failed to report the tax collected on $123,359 in sales. The ADA stated that the investigation revealed that the Defendant had instructed his employees to only report receipts of $1,400 per month, even though the Defendant knew from the register tapes that the actual amount was much higher. The ADA noted that, when asked about the under reported tax receipts, the Defendant made excuses about how his business was bad, a statement that contradicted statements made by his employee. The ADA's letter concluded:

> After review of the investigation file and the diversion application, I do not find that pre-trial diversion is appropriate in this case. Your client engaged in the systematic defrauding of the State of Tennessee of lawful tax revenue. His criminal conduct continued for at least 24 months. I find that the failure to pay these taxes was an intentional act by your client and not some mistake due to his unfamiliarity with this country or business practices. Your client indicates that he wants to become a citizen of this country and fears deportation if he is convicted of this offense. Mr. Al Yamani has a strange way of showing his desire to become a citizen by developing a scheme to avoid paying the State of Tennessee lawful tax receipts. I feel that to place Mr. Al Yamani on pretrial diversion would send the wrong message to the community and depreciate the seriousness of this offense.

The Defendant appealed the ADA's decision to the trial court, filing a petition for writ of certiorari. In the writ, the Defendant claimed the ADA abused his prosecutorial discretion by not placing him on pretrial diversion. The Defendant contended that the ADA failed to consider or mention his lack of a prior criminal history, a significant indicator of his amenability to correction. The Defendant said the prosecutor also failed to consider his work history or weigh other factors favorable to him. The Defendant argued that the ADA had abused its discretion in summarily denying his application without properly weighing the

factors that favor pretrial diversion.

The trial court issued an order granting the Defendant's petition for a writ of certiorari. In the order, the trial court noted that the ADA had reviewed the social and work history of the Defendant, the circumstances of the offense, and listed the reasons for the denial. The trial court stated that the ADA abused his discretion by not properly considering the Defendant's lack of a prior criminal history. The trial court further noted that the ADA had not properly taken into consideration other factors, such as the Defendant's physical and mental condition, that were relevant to whether the Defendant should be granted pretrial diversion. Ultimately, the trial court concluded:

> Because the prosecutor failed to consider the Petitioner's criminal history or afford it any weight in his decision to deny pretrial diversion, and because the prosecutor failed to articulate what factors weighed in favor for and against Petitioner, this Court finds that the prosecutor abused his discretion by denying the Petitioner pretrial diversion. As such, the prosecutor is ordered to approve the Petitioner's application for pretrial diversion and enter into a Memorandum of Understanding with the Petitioner.

It is from this judgment that the State now appeals.

## II. Analysis

On appeal, the State contends that, while the trial court correctly concluded that the ADA failed to consider the Defendant's criminal history and failed to fully articulate the weight he placed on the factors in favor or against diversion, the trial court erred in ordering the ADA to grant the Defendant's application for pretrial diversion. The State contends that the remedy imposed by the trial court directly contravenes the "well-established law concerning pretrial diversion" and the recent Tennessee Supreme Court ruling in *State v. Richardson*, 357 S.W.3d 620 (Tenn. 2012). The Defendant counters first that the State's appeal is not properly before this Court because the State did not file a Rule 9 interlocutory appeal. The Defendant concedes that, if the case is properly before us, then the State properly interprets *Richardson* and the case should be remanded to the ADA for reconsideration of the Defendant's application for pretrial diversion.

### A. Rule 3

The Defendant contends that the State has no right to appeal this case pursuant to Tennessee Rules of Appellate Procedure, Rule 3. While this is an area of some confusion, this Court has previously allowed the State a Rule 3(c) appeal from the trial court's order of

3

pretrial diversion. *See e.g., State v. Skidmore*, 15 S.W.3d 502, 506 (Tenn. Crim. App. 1999). We have also allowed the State a Rule 3 appeal from the trial court's decision that the district attorney had abused his discretion when it denied the defendant's pretrial diversion request. *State v. Tony Galtelli*, No. W2006-00526-CCA-MR3-CD, 2008 WL 427257, at *6 n.4 (Tenn. Crim. App., at Jackson, Feb. 13, 2008), *no Tenn. R. App. P. 11 application filed*; *but see State v. Cody Matthew Headrick*, No. E2008-02598-CCA-MR3-CD, 2009 WL 4505440 (Tenn. Crim. App., at Knoxville, Dec. 4, 2009), *Tenn. R. App. P. 11 application denied* (Tenn. May 12, 2010).

While we recognize there is a division among our Court about whether the State is permitted to appeal the trial court's decision pursuant to Rule 3, we conclude that review in this case is proper. Further, even if this case were not properly before us pursuant to Tennessee Rule of Appellate Procedure Rule 3, this Court is permitted to review an improperly filed Rule 3 appeal as an extraordinary appeal pursuant to Rule 10(a) of the Tennessee Rules of Appellate Procedure. *See State v. Norris*, 47 S.W.3d 457, 463 (Tenn. Crim. App. 2000). If this case was not properly before us pursuant to Rule 3, we would, nonetheless, review it pursuant to Rule 10.

## B. Pretrial Diversion

The pretrial diversion statute permits a district attorney general to suspend prosecution of a qualified defendant for a period of up to two years. *See* T.C.A. § 40-15-105(a)(1)(A) (2006). Before July 1, 2011, a defendant could seek pretrial diversion for an offense that was not a Class A or Class B felony, certain Class C felonies, a sexual offense, driving under the influence, or vehicular assault.[1] *See* T.C.A. § 40-15-105(a)(1)(B)(iii) (2006 & Supp. 2011). To qualify for pretrial diversion, the defendant must not have a disqualifying conviction or have previously been granted pretrial diversion for another offense. T.C.A. § 40-15-105(a)(1)(B)(I) (2006 & Supp. 2011); *see also Richardson*, 357 S.W.3d 620, 626.

A defendant who is eligible for diversion is not presumed to be entitled to diversion. *State v. McKim*, 215 S.W.3d 781, 786 (Tenn. 2007) (citing *State v. Curry*, 988 S.W.2d 153, 157 (Tenn. 1999)). Instead, only the district attorney general has the discretion to determine whether to grant pretrial diversion to a defendant who meets the statutory requirements. *State v. Bell*, 69 S.W.3d 171, 176 (Tenn. 2002) (citing *Curry*, 988 S.W.2d at 157, and *State v. Pinkham*, 955 S.W.2d 956, 959 (Tenn. 1997)). In deciding whether to grant pretrial diversion, "the district attorney general has a duty to exercise his or her discretion by

---

[1]Effective July 1, 2011, subsection (a)(1)(B) of Tennessee Code Annotated section 40-15-105 was amended to limit the availability of pretrial diversion to those cases in which "the charged offense for which the prosecution is being suspended is not a felony" or one of several other offenses specified therein.

focusing on a defendant's amenability for correction and by considering all of the relevant factors, including evidence that is favorable to a defendant." *Bell*, 69 S.W.3d at 178. To guide the district attorney general's exercise of discretion, our Supreme Court has set forth several objective factors that include the defendant's amenability to correction, any factors that tend to accurately reflect whether a particular defendant will become a repeat offender, the circumstances of the offense, the defendant's criminal record, social history, physical and mental condition, the need for general deterrence, and the likelihood that pretrial diversion will serve the ends of justice and the best interest of both the public and the defendant. *State v. Hammersley*, 650 S.W.2d 352, 354-55 (Tenn. 1983); *see also McKim*, 215 S.W.3d at 786-87; *Bell*, 69 S.W.3d at 176; *State v. Washington*, 866 S.W.2d 950, 951 (Tenn. 1993). The circumstances of the offense and the need for deterrence "cannot be given controlling weight unless they are 'of such overwhelming significance that they [necessarily] outweigh all other factors.'" *McKim*, 215 S.W.3d at 787 (alterations in original) (quoting *Washington*, 866 S.W.2d at 951).

When a district attorney general denies an application for pretrial diversion, the denial must be in writing and enumerate all of the relevant factors considered and the weight accorded to each. *See Richardson*, 357 S.W.3d at 626 (citing *Curry*, 988 S.W.2d at 157; *Bell*, 69 S.W.3d at 177). Additionally, if there are any factual disputes between the evidence relied upon by the district attorney general and the application filed by the defendant, the denial statement must identify these issues. *Curry*, 988 S.W.2d at 157.

If the prosecutor denies the defendant's application, the defendant may appeal to the trial court by filing a petition for a writ of certiorari upon the ground of abuse of prosecutorial discretion. T.C.A. § 40-15-105(b)(3) (2006). The trial court reviews the prosecutor's decision under an abuse of prosecutorial discretion standard. *Id.* On review, the district attorney general's decision is "presumptively correct," *Curry*, 988 S.W.2d at 157-58, and the trial court is limited to examining the evidence considered by the district attorney general. *Bell*, 69 S.W.3d at 177. The trial court may conduct a hearing only to resolve factual disputes raised by the district attorney general or the defendant; otherwise it is limited solely to the evidence expressly considered by the district attorney general in the statement of denial. *Curry*, 988 S.W.2d at 158. In addition, the proper focus of the trial court is not on the intrinsic correctness of the district attorney general's decision, but instead on the methodology employed. *McKim*, 215 S.W.3d at 788. Accordingly, the trial court cannot re-weigh the evidence or substitute its view for that of the district attorney general. *Id.*; *Bell*, 69 S.W.3d at 179; *State v. Yancey*, 69 S.W.3d 553, 558-59 (Tenn. 2002). Appellate review is confined to a determination of whether the trial court's decision is supported by a preponderance of the evidence. *Curry*, 988 S.W.2d at 158; *Pinkham*, 955 S.W.2d at 960.

A reviewing court may find that the district attorney general abused his or her

discretion in one of two ways: either (1) by failing to consider and articulate all the relevant factors or considering and relying upon an irrelevant factor, or (2) by making a decision that is not supported by substantial evidence. *Richardson*, 357 S.W.3d at 627 (citing *McKim*, 215 S.W.3d at 788-89; *Bell*, 69 S.W.3d at 179; *Curry*, 988 S.W.2d at 158).

In *Richardson*, the Tennessee Supreme Court discussed the proper remedy if a district attorney general abuses its discretion when denying a defendant's request for pretrial diversion. The Supreme Court stated:

> The proper remedy for an abuse of prosecutorial discretion in denying a petition for pretrial diversion depends on the manner in which the prosecutor erred. If the district attorney general failed to consider all the relevant factors or gave undue consideration to an irrelevant factor, the reviewing court does not have appropriate findings upon which to review the district attorney general's decision. *Bell*, 69 S.W.3d at 179. In such a case, the record is deficient and must be remedied by a remand to the prosecutor. To permit the reviewing court to "fill in the gaps" when it does not have appropriate findings by the district attorney general would extend de novo review over the district attorney general's decision and allow the reviewing court to substitute its view for that of the prosecutor. *Id*. Accordingly, when a district attorney general has failed to consider all relevant factors or has considered an irrelevant factor, the reviewing court must vacate the district attorney general's decision and remand the case to the district attorney general to further consider and weigh all the relevant factors. *McKim*, 215 S.W.3d at 788; *Bell*, 69 S.W.3d at 180.

> If, however, the reviewing court determines that the district attorney general considered and weighed the appropriate factors and did not give undue consideration to an irrelevant factor, but that the denial is not supported by substantial evidence, the reviewing court may order the defendant to be placed on pretrial diversion rather than remanding the case to the district attorney general. *McKim*, 215 S.W.3d at 788 n.3; *see also* Tenn. Code Ann. § 40-15-105(b)(3). Since there is a complete record before the court for review in such a case, the reviewing court is not "filling in the gaps" for the district attorney general.

*Richardson*, 357 S.W.3d at 627.

In the case under submission, the trial court determined that the ADA had abused his discretion by failing to consider the relevant factor that the Defendant did not have a prior criminal history. The trial court further concluded that the ADA had failed to articulate how

6

he weighed the factors in favor of, and against, pretrial diversion. Accordingly, pursuant to *Richardson*, the proper remedy is for the reviewing court to vacate the ADA's decision and remand the case to the ADA to further consider and weigh all the relevant factors. Accordingly, the judgment of the trial court in this case is reversed, and the case is remanded to the Shelby County Criminal Court with directions to remand the case to the Shelby County Assistant District Attorney General for reconsideration in accordance with this opinion.

### III. Conclusion

After a thorough review of the record and relevant authorities, the trial court's judgment is reversed, and this case is remanded to the Shelby County Criminal Court with directions to remand the case to the Shelby County Assistant District Attorney General for reconsideration in accordance with this opinion.

_____
ROBERT W. WEDEMEYER, JUDGE